IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01643-MSK-MJW

UNITED STATES OF AMERICA, and
CITY OF STERLING, COLORADO,

        Plaintiffs,

v.

ARISTEDES ZAVARAS, Executive Director, State of Colorado Department of Corrections,
Sterling Correctional Facility, and
STATE OF COLORADO,

        Defendants.

---

## ORDER APPROVING CONSENT DECREE

---

THIS MATTER comes before the Court on the Plaintiffs' Unopposed Motion to Enter

Consent Decree **(#3)**.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiffs commenced this civil action pursuant to Section 309(b) and (d) of the Clean

Water Act, 33 U.S.C. § 1319(b) and (d), against the Defendants.  In their Complaint **(#1)**, they

asked the Court to impose civil penalties against the Defendants for the alleged discharge of

pollutants at the Sterling Correctional Facility into navigable waters of the United States.  The

Plaintiffs specifically allege that the Defendants have released polluted water into the City of

Sterling's water treatment works, where the water is then released into the South Platte River.  In

addition to the Clean Water Act claim, the City of Sterling also sought imposition of an

administrative fine in the amount of $1,000 per day for each violation of the Defendants'

Industrial User Pretreatment Permit, which it alleges is a violation of a local ordinance.

The parties, through their legal representatives, have entered into a Consent Decree (**#2-2**).  The Consent Decree provides that the Defendants will pay $50,000 to the Plaintiffs and perform supplemental environmental projects using inmate labor valued at $225,000 in settlement of all claims asserted in this action.  The supplemental environmental projects will entail river bottom management, exotic plant and noxious weed removal, erosion control, tire recycling, habitat reclamation, and inland waterway clean up.  The Defendants also will be obligated to submit quarterly reports addressing progress on the implementation of supplemental environmental projects.  By its terms, the Consent Decree will terminate after the Plaintiffs certify to this Court that the Defendants have been in compliance with all provisions of this Consent Decree and the Defendants have completed 408 days of labor with regard to the supplemental environmental projects.

The Consent Decree requires compliance with the notice and comment provisions of 28 C.F.R. § 50.7 prior to its approval.  This regulation provides:

> (a) It is hereby established as the policy of the Department of Justice to consent to a proposed judgment in an action to enjoin discharges of pollutants into the environment only after or on condition that an opportunity is afforded persons (natural or corporate) who are not named as parties to the action to comment on the proposed judgment prior to its entry by the court.
>
> (b) To effectuate this policy, each proposed judgment which is within the scope of paragraph (a) of this section shall be lodged with the court as early as feasible but at least 30 days before the judgment is entered by the court. Prior to entry of the judgment, or some earlier specified date, the Department of Justice will receive and consider, and file with the court, any written comments, views or allegations relating to the proposed judgment. The Department shall reserve the right (1) to withdraw or withhold its consent to the

2

proposed judgment if the comments, views and allegations concerning the judgment disclose facts or considerations which indicate that the proposed judgment is inappropriate, improper or inadequate and (2) to oppose an attempt by any person to intervene in the action.

(c) The Assistant Attorney General in charge of the Land and Natural Resources Division may establish procedures for implementing this policy. Where it is clear that the public interest in the policy hereby established is not compromised, the Assistant Attorney General may permit an exception to this policy in a specific case where extraordinary circumstances require a period shorter than 30 days or a procedure other than stated herein.

Consistent with this regulation, the Consent Decree was filed with the Court more than 30 days ago. In addition, the parties published notice of the Consent Decree in the Federal Register, 72 Fed. Reg. 48301 (August 23, 2007) along with a solicitation for public comments. The parties represent that they received no comments during the comment period.

Based upon the representation of the parties, and upon review of the Federal Register, the Court finds that adequate notice has been given to the public of the Consent Decree. The terms of the Consent Decree are fair, reasonable, consistent with the purposes of the Clean Water Act, and not contrary to public policy. The Consent Decree fully resolves all of the claims and disputes in this litigation.

**IT IS THEREFORE ORDERED** that:

(1)     The Court approves the Consent Decree.

(2)     Until the Consent Decree terminates, the Court retains jurisdiction in this action for the limited purposes of enforcing or modifying the Consent Decree and interpreting the rights and obligations of the parties.

(3)     The Clerk of Court shall docket the Consent Decree, which the parties tendered as

an attachment to a notice (**#2**), with a separate docket number.

(4)     TheClerk of Court shall close this case.

Dated this 2nd day of October, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge

4