IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA, and

CITY OF STERLING, COLORADO,

        Plaintiffs,

    v.

ARISTEDES ZAVARAS,
    Executive Director, State of Colorado
    Department of Corrections, Sterling Correctional Facility,
    and

STATE OF COLORADO,

        Defendants.

---

## CONSENT DECREE

---

**Table of Contents**

I.      BACKGROUND ...................................................... 1

II.     JURISDICTION AND VENUE .......................................... 4

III.    APPLICABILITY ................................................... 5

IV.     OBJECTIVES ...................................................... 5

V.      DEFINITIONS ..................................................... 5

VI.     FUNDING ......................................................... 7

VII.    REPORTING ....................................................... 7

VIII.   COMMUNICATIONS .................................................. 8

IX.     STIPULATED PENALTIES ........................................... 10

X.      FORCE MAJEURE ................................................... 13

XI.     DISPUTE RESOLUTION .............................................. 15

XII.    CIVIL PENALTY ................................................... 16

XIII.   SUPPLEMENTAL ENVIRONMENTAL PROJECTS ........................... 17

XIV.    RIGHT OF ENTRY .................................................. 21

XV.     PERMIT OBLIGATIONS .............................................. 21

XVI.    CERTIFICATION ................................................... 22

XVII.   EFFECT OF SETTLEMENT ............................................ 22

XVIII.  FAILURE OF COMPLIANCE .......................................... 23

XIX.    COSTS OF SUIT ................................................... 24

XX.     PUBLIC COMMENT .................................................. 24

XXI.    PUBLIC DOCUMENTS ................................................ 24

XXII.  CONTINUING JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

XXIII.  MODIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

XXIV.  TERMINATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

XXV.  SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## I. <u>BACKGROUND</u>

A.  Plaintiff, United States of America ("United States"), on behalf of the United States

Environmental Protection Agency ("EPA") and Plaintiff, City of Sterling, Colorado ("Sterling"),

filed a joint complaint in this civil action against Aristedes Zavaras, Executive Director, State of

Colorado Department of Corrections, Sterling Correctional Facility; and the State of Colorado

("Defendants").

B.  On July 19, 2002, the City of Sterling, a municipal corporation, filed Findings of Fact,

Conclusions of Law, Penalty Assessment and Administrative Order against the State of

Colorado, Department of Corrections, Sterling Correctional Facility ("DOC") alleging violations

of the Sterling Sewer Systems Pretreatment Program ("Sterling SSPP"), Sterling City Code,

Chapter 21, Article V, Sections 21-201 to 21-222, as allowed by C.R.S. §§ 25-8-205(1)(d), 25-8-

501(5)(a), 25-8-508, 25-8-608 to 610, 31-16-101(2), and 31-35-402(1)(b).  DOC denied these

allegations.

C.  The EPA filed Findings of Violation and Order for Compliance on May 1, 2003,

against DOC pursuant to Section 309(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(a).

The EPA alleged 5,039 pretreatment violations of 40 C.F.R. Part 403 and 33 U.S.C. § 1317(d).

DOC denied these allegations.

D.  The City of Sterling owns and operates a publicly owned treatment works ("POTW")

located in Logan County, at 421 North Fourth Street, Sterling, Colorado.  The City is authorized

and regulated to discharge treated wastewater into the South Platte River, an inter-state

navigable water, by Colorado Discharge Permit System (CDPS) permit number CO-0026247

issued by the State of Colorado on March 16, 1998.

1

E.  EPA has been and continues to be the "Approval Authority" within the meaning of the pretreatment regulations found in 40 C.F.R. § 403.3(c).  EPA approved the City of Sterling's POTW Pretreatment Program on April 4, 1985.  DOC discharges its wastewater generated at the Facility to the POTW and is, therefore, considered an "Indirect" or "Industrial User" within the meaning of 40 C.F.R. § 403.3(j).  DOC was identified by the City of Sterling as a "Significant Industrial User" within the meaning of 40 C.F.R. § 403.3(v), and was issued an Industrial User Permit, Pretreatment Permit No. SCFIUP01 ("Permit"), that became effective on June 1, 1999.

F.  The Permit included adjusted discharge limits for certain parameters once the Facility population reached 520 staff or 1357 inmates, which ever occurred first.  Since the Permit was issued, DOC has experienced 2,283 exceedances of its Permit limit, failed to continuously monitor pH for 924 days, and failed to respond to 1,832 Notices of Violation issued by the City of Sterling.  DOC denied these allegations.

G.  When a POTW has developed specific prohibitions of limits, 40 C.F.R. § 403.5(d) states that such limits shall be deemed Pretreatment Standards for the purpose of 33 U.S.C. §1317(d).  Pursuant to 40 C.F.R.§  403.5(c)(1) and referenced by 40 C.F.R. § 403.8(f)(4), "Each POTW developing a POTW Pretreatment Program . . . shall develop and enforce specific limits to implement the prohibitions listed in paragraphs (a)(1) and (b) of this section.  Each POTW with an approved pretreatment program shall continue to develop these limits as necessary and effectively enforce such limits."  40 C.F.R. § 403.5(c)(1).

H.  The City of Sterling's technically developed local limits were approved on January 29, 1996.  The local limits include, but are not limited to, daily loading requirements for Industrial Users and Significant Industrial Users for Five Day Biochemical Oxygen Demand

("BOD"), Total Suspended Solids ("TSS"), ammonia, and oil and grease.  Sterling SSPP, Ch. 21, Art. V, §§ 21-203 to -206.

I.  DOC states that it did not violate its Permit responsibilities because the City of Sterling informally assented to increased loading and assured the DOC that it need not take any action until a new Permit was issued with appropriate effluent limitations for actual inmate populations at the Sterling Correctional Facility.  The City of Sterling admits that it applied enforcement discretion and allowed Permit violations to occur for the first two months immediately after the June 1, 1999 effective date of the Permit.  However, the City of Sterling notified DOC by letter dated July 29, 1999 that continued violations would no longer be tolerated and that "All violations will be addressed and, should they not be corrected, enforcement action will be pursued."

J.  The United States brings its claims pursuant to Section 309(b) and (d) of the Act, 33 U.S.C. § 1319(b) and (d).  Specifically, the joint complaint seeks imposition of civil penalties for Defendants' violations of Sections 301 and 307 of the CWA, 33 U.S.C. § 1311, 1317.

K.  The City of Sterling brings supplemental municipal claims for violations of Chapter 21, Article V, Sections 21-201 to 21-222 of the Sterling SSPP, as allowed by C.R.S. §§ 25-8-205(1)(d), 25-8-501(5)(a), 25-8-508, 25-8-608 to -610, 31-16-101(2), and 31-35-402(1)(b); and 28 U.S.C. § 1367 (federal supplemental jurisdiction).

L.  DOC's payment of these civil penalties and acceptance of the terms of this Consent Decree resolve the allegations in the joint complaint of the United States and the City of Sterling.

M.  Defendants, without making any admission of fact or law or evidence of same, or of any violation of any law or regulation, and Plaintiffs agree that by entering this Consent Decree

3

that settlement of these matters, without further protracted litigation is fair, reasonable, and in the public interest. This Consent Decree does not constitute an admission of liability on the part of DOC. This Consent Decree is a compromise of disputed claims and is entered into for the sole purpose of avoiding the expense, hardship, and uncertainty of litigation.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## II. JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action and over the parties consenting thereto pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d). This Court has jurisdiction over the claims of the City of Sterling, Colorado, asserted under the Sterling SSPP, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

2.  Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b), and Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because it is the judicial district where the Defendants are located and where the alleged violations occurred.

3.  Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), notice of the commencement of this action has been given to the State of Colorado, which is the Defendant in this action.

4.  Authority to bring this action is vested in the United States Department of Justice by 28 U.S.C. §§ 516, 519, and Section 506 of the CWA, 33 U.S.C. § 1366.

5.  Authority to bring the supplemental claims identified in this action is vested in the City of Sterling Director of Public Works by Sterling SSPP, Chapter 21, Article V, Sections 21-201 to 21-222, as allowed by C.R.S. §§ 25-8-205(1)(d), 25-8-501(5)(a), 25-8-508, 25-8-608 to -

610, 31-16-101(2), and 31-35-402(1)(b); and  28 U.S.C. § 1367 (federal supplemental jurisdiction).

### III.  APPLICABILITY

6.  The provisions of this Consent Decree shall apply to and be binding upon the parties to this action, their officers, directors, agents, employees, successors, and assigns and any person having notice of this Consent Decree who is, or will be, acting in concert or participation with DOC.  DOC shall provide a copy of this Consent Decree to any successor in interest at least thirty (30) days prior to transfer of that interest and simultaneously shall verify in writing to U.S. EPA that such notice has been given.  Any sale or transfer of DOC's interests in or operating role with respect to the Facility shall not in any manner relieve DOC of its responsibilities for meeting the terms and conditions of this Consent Decree.  In any action to enforce this Consent Decree, DOC shall not raise as a defense the failure by any of its officers, directors, agents, employees, successors, assigns, or contractors to take actions necessary to comply with the Consent Decree.

### IV.  OBJECTIVES

7.  It is the express purpose of the parties in entering this Consent Decree to further the objectives of the CWA, as enunciated at Section 101 of the Act, 33 U.S.C. § 1251, and the objectives of the Colorado Water Quality Control Act, C.R.S. §§ 25-8-101 to - 703.

### V.  DEFINITIONS

8.  Unless otherwise defined herein, terms used in this Consent Decree shall have the meaning given to those terms in the CWA, 33 U.S.C. §§ 1251-1387, the regulations promulgated thereunder at 40 C.F.R. Part 122, the Colorado Water Quality Control Act, C.R.S. §§ 25-8-101 to

5

703, and in Sterling's CDPS (Colorado Discharge Permit System) Permit No. CO-0026247.

(a) "Sterling POTW" or "WWTP" means the Sterling Publically Owned Treatment Works or Wastewater Treatment Plant.

(b) "Defendants" shall mean Aristedes Zavaras, Executive Director, State of Colorado Department of Corrections, Sterling Correctional Facility; and the State of Colorado

(c) "Industrial User" means a source of an Indirect Discharge.

(d) "Significant Industrial User" means (i) all Industrial Users subject to Categorical Pretreatment Standards under 40 C.F.R. § 403.6 and 40 C.F.R. Chapter I, Subchapter N; and (ii) any other Industrial User that: discharges an average of 25,000 gallons per day or more of process wastewater to the POTW (excluding sanitary, noncontact cooling and boiler blowdown wastewater); contributes a process wastestream which makes up five (5) percent or more of the average dry weather hydraulic or organic capacity of the POTW treatment plant; or is designated as such by the Control Authority as defined in 40 C.F.R. § 403.12(b) on the basis that the Industrial User has a reasonable potential for adversely affecting the POTW's operation or for violating any pretreatment standard or requirement (in accordance with 40 C.F.R. § 403.8(f)(6)).

(e) "Indirect Discharge" means the introduction of pollutants into a POTW from any non-domestic source regulated under Section 307(b), (c) or (d) of the CWA, 33 U.S.C. § 1317(a), (c), (d).

(f) "DOC's current Industrial User Permit" or "Permit" means DOC's Industrial User Permit No. SCFIUP01, originally issued on May 29, 1999, effective on June 1, 1999, and amended on March 1, 2003 and June 10, 2003, and May 1, 2004, and any such permit which

succeeds Permit No. SCFIUP01 issued to DOC, and which is in effect at a particular time.

(g)   "Facility" shall mean the Department of Correction's Sterling Correctional Facility located at 12101 Highway 61, Sterling, Colorado.

(h)   "MGD" or "mgd" means million gallons per day.

(i)   "CDPS Permit" means Colorado Discharge Permit System permit number CO-0026247 issued by the State of Colorado on March 16, 1998.

(j)   "Plaintiffs" mean the United States of America, on behalf of U.S. EPA, and the City of Sterling, Colorado.

(k)   "Sewer Systems Pretreatment Program" or "SSPP" means the City of Sterling's Approved Pretreatment Program promulgated by the City of Sterling, Chapter 21, Article V, Sections 21-201 to 21-222 of the Sterling City Code.

## VI. FUNDING

9.   All payment obligations by the State of Colorado are subject to the availability of appropriated funds applicable for that purpose.  No provision of this Consent Decree shall be interpreted as or shall constitute a commitment or requirement that the State of Colorado obligate or pay funds in contravention of C.R.S. §§ 24-30-202, et seq., or any other applicable provision of law.  DOC reserves the right to petition EPA and the City of Sterling for a change in compliance dates if it experiences significant adverse changes in its financial capabilities.

## VII. REPORTING

10.   Beginning with the end of the next full calendar quarter after entry of this Consent Decree and for every calendar quarter thereafter until this Consent Decree terminates in accordance with Section XXIV, Termination, below, DOC shall submit reports regarding the

implementation of the Supplemental Environmental Projects as required by Section XIII, Supplemental Environmental Projects, below.  In each report, DOC shall provide the following:

(a)  a statement setting forth the deadlines and other terms that DOC is required by this Consent Decree to meet since the date of the last quarterly progress report, whether and to what extent DOC has met these requirements, and the reasons for any delay; and

(b)  a general description of the work completed within the three-month period, and a projection of work to be performed pursuant to this Consent Decree during the three-month period.  Notification to EPA and the City of Sterling of any anticipated delay shall not, by itself, excuse the delay.

## VIII.  COMMUNICATIONS

11.  Except as specified otherwise, written notification (including all reports) or communication with the U.S. EPA, the U.S. Department of Justice and/or the City of Sterling, Colorado, as required by the terms of this Consent Decree, it shall be addressed as follows:

As to the Department of Justice:

Chief, Environmental Enforcement Section
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611.
Reference Case No. 90-5-1-1-08122

and

Heidi Kukis Hoffman, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
1961 Stout Street – 8th Floor
Denver, Colorado  80294

As to EPA :

Darcy O'Connor (8ENF-W-NP)
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, Colorado  80202

and

Marc Weiner (8ENF-L)
Enforcement Attorney
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, Colorado  80202

As to the City of Sterling:

Joseph Kiolbasa
City Manager
City of Sterling
Centennial Square
421 N. 4th Street
P.O. Box 4000
Sterling, Colorado  80751-0400

and

Jerry W. Raisch, Esq.
Vranesh and Raisch, LLP
1720 14th Street, Suite 200
P.O. Box 871
Boulder, Colorado  80306-0871

As to DOC:

Kevin Milyard, Warden
Sterling Correctional Facility
State of Colorado Department of Corrections
12101 Highway 61
Sterling, Colorado  80751

and

Richard Weems, Acting Director
Facility Management Services
State of Colorado Department of Corrections
2862 S. Circle Drive, Suite 349
Colorado Springs, Colorado  80906

9

James X. Quinn, Assistant Attorney General
State of Colorado Office of the Attorney General
1525 Sherman Street
Denver, Colorado  80203

Any party, upon written notification to the other parties, may change the addresses to whom communications with that party shall be sent.  All notifications or communications shall be deemed submitted on the date they are postmarked and sent by first class mail or certified mail, return receipt requested.

## IX.  STIPULATED PENALTIES

12.  DOC shall be liable for stipulated penalties in the amounts set forth in this Section to the United States for failure to comply with the requirements of this Consent Decree specified below, unless excused under Section X, Force Majeure.  "Compliance" by DOC shall include all requirements of this Consent Decree, including, but not limited to, completion of the activities required under this Consent Decree in Section XIII, Supplemental Environmental Projects, and any related work plan or other plan approved pursuant to this Consent Decree within the specified time schedules and deadlines established by and approved under this Consent Decree.  Unless otherwise specified, the times given in days refer to calendar days from the date of entry of this Consent Decree.

13.  For each failure to comply with the Supplemental Environmental Project completion deadlines set forth in Paragraphs 37-38 (other than those requirements specifically identified in other Paragraphs of this Section, if any), DOC shall pay the following stipulated penalties per violation per day:

| Period of Noncompliance With Requirement | Penalty Per Day |
| --- | --- |

10

| | |
|---|---|
| 1st day to 30th day | $ 250 |
| 31st day to 60th day | $ 500 |
| Each day beyond 60 days | $ 1000 |

14.  For each failure to submit timely and adequate reports or other written documents required by this Consent Decree, DOC shall pay the following stipulated penalties per violation per day:

| Period of Noncompliance<br>With Requirement | Penalty<br>Per Day |
|---|---|
| 1st day to 30th day | $ 250 |
| 31st day to 60th day | $ 500 |
| Each day beyond 60 days | $ 1000 |

15.  For each failure to comply with any other requirement of this Consent Decree not specified in Paragraphs 13-14 above, DOC shall pay the following stipulated penalties:

| Period of Noncompliance<br>With Requirement | Penalty<br>Per Day |
|---|---|
| 1st day to 30th day | $ 250 |
| 31st day to 60th day | $ 500 |
| Each day beyond 60 days | $ 1000 |

16.  Multiple penalties may accrue on any one day for different violations of different requirements of this Consent Decree even if such violations are caused by the same set of circumstances.

17.  All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.

18.  Following EPA and the City of Sterling's determination that DOC has failed to comply with a requirement of this Consent Decree, EPA and the City of Sterling may give DOC

written notification of the same, describe the noncompliance, and demand payment of stipulated penalties for the noncompliance.  All penalties accruing under this Section shall be due and payable to the United States within 30 days following DOC's receipt of such demand for payment which describes the noncompliance.  However, penalties shall accrue as provided in the preceding Paragraph regardless of whether or when EPA or the City of Sterling has notified DOC of a violation.

19.  Any stipulated penalties incurred by DOC shall be paid to the United States by cashier's check or certified funds payable to "Treasurer of the United States," and shall be tendered within 30 days of DOC's receipt of a demand for payment of stipulated penalties from either the United States (or EPA).  Payments must be received by 11:00 AM Eastern Time for same day credit and should be forwarded to one of the following addresses:

Regular Mail:

> Mellon Bank
> Attn: Accounting
> Lockbox 360859
> Pittsburgh, PA  15251-6859

Wire Transfers:  Wire transfers must be sent directly to the Federal Reserve Bank in New York City with the following information:

> ABA = 021030004
> TREAS NYC/CTR/
> BNF=/AC-68011008

The transmittal letter accompanying the check shall specify the caption and docket number of this action and the facility and the violations for which the stipulated penalties are being paid.  A copy of the letter and the check shall simultaneously be sent to U.S. EPA Region

12

8, Enforcement Unit (8ENF-W-NP), 1595 Wynkoop Street, Denver, Colorado 80202, and to

Chief, Environmental Enforcement Section, United States Department of Justice, Post Office

Box 7611, Washington, D.C. 20044-7611, Reference Case No. 90-5-1-1-08122.

20.  In any dispute over the applicability of stipulated penalties, DOC shall bear the

burden of proving that it is not subject to stipulated penalties, in accordance with Section XI,

Dispute Resolution.

21.  The stipulated penalties herein shall be in addition to other remedies or sanctions

available to the United States by reason of DOC's failure to comply with this Consent Decree.

The payment of such stipulated penalties shall not be construed to relieve DOC from specific

compliance with federal or state law, or limit the authority of EPA or the City of Sterling to

require compliance with such laws.  The United States and the City of Sterling are specifically

authorized to seek injunctive relief in this civil action to address any violation of this Consent

Decree.

22.  If DOC fails to pay stipulated penalties when due, the United States may institute

proceedings in this action to collect the penalties, as well as interest.

23.  Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any

way limiting the ability of the United States to seek any other remedies or sanctions available by

virtue of DOC's violation of this Consent Decree or of DOC's current Permit or of the CWA.

X.  FORCE MAJEURE

24.  "Force Majeure" for the purposes of this Consent Decree is defined as an event

arising from causes beyond the control of DOC or the control of any entity controlled by DOC,

including its consultants and contractors, which delays or prevents the performance of any

13

obligation under this Consent Decree.  Nothing in this section is intended to relieve DOC of its duty to use all due diligence to complete the requirements of this Consent Decree in a timely manner or of DOC's obligation to meet all discharge limitations and other obligations contained in DOC's current Permit.  Unanticipated or increased costs or changed financial circumstances are not Force Majeure events.

25.  If any event occurs that causes or may cause delay in the completion of any requirement of this Consent Decree, whether or not due to a Force Majeure event, DOC shall so notify U.S. EPA, in writing, within fourteen (14) days after DOC knows, or, in the exercise of due diligence should have known of the event.  The notice shall describe in detail the bases for DOC's contention that it experienced a Force Majeure event, the precise cause or causes of the event, the measures taken or to be taken to prevent or minimize the noncompliance or event, and the timetable by which those measures will be implemented.  Failure to so notify EPA shall constitute a waiver of any claim of Force Majeure as to the event in question.

26.  If EPA finds that a delay in performance is, or was, caused by a Force Majeure event, it shall extend the time for performance, in writing, for a period to compensate for the delay resulting from such event and stipulated penalties shall not be due for such period.  In proceedings on any dispute regarding a delay in performance, the provisions of Section XI, Dispute Resolution, shall apply, and DOC shall have the burden of proving that the delay is, or was, caused by a Force Majeure event and that the amount of additional time requested is necessary to compensate for that event.

27.  Compliance with a requirement of this Consent Decree shall not by itself constitute compliance with any other requirement.  An extension of one compliance date based on a

14

particular event shall not automatically extend another compliance date or dates. DOC shall make an individual showing of proof regarding the cause of each delayed incremental step or other requirement for which an extension is sought. DOC may petition for the extension of more than one compliance date in a single request.

## XI. DISPUTE RESOLUTION

28. Any dispute that arises between DOC and the United States or the City of Sterling with respect to the meaning or application of any of the requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between those parties to attempt to resolve such disputes. Such period of informal negotiations shall not extend beyond thirty (30) days from the date when notice of a dispute is given by one party to the others, unless all parties to the dispute have agreed in writing to extend that period. After informal negotiations, if the parties to the dispute are unable to agree upon the meaning or application of the requirements of this Consent Decree, then DOC shall comply with the position taken by the United States and the City of Sterling, subject only to DOC's right to petition the Court as set forth in Paragraph 29, below. This dispute resolution process shall not apply to the issuance, renewal, modification, denial or revocation of a permit and the issuance of orders or other actions of the Sterling Director of Public Works.

29. Within thirty (30) days of the end of the informal negotiations period for resolution of the dispute set forth in Paragraph 28, above, DOC may petition the Court for relief. Such petition shall set forth the nature of the dispute and proposal for its resolution. The United States and/or the City of Sterling shall have thirty (30) days to respond to the petition and propose an alternate resolution. The Court will establish the standard of review. DOC shall bear the burden

of demonstrating that its actions or positions taken are in accordance with, and will assure

DOC's compliance with, the terms, conditions, requirements and objectives of this Consent

Decree, the Clean Water Act, DOC's Current Permit, and the CDPS Permit.  Any party may

request an evidentiary hearing for good cause.

30.  Except as provided in this Consent Decree, agreed to in writing by the parties, or

ordered by the Court, the filing of a petition asking the Court to resolve a dispute shall not in and

of itself extend or postpone any deadline or obligation of DOC, provided that, payment of any

stipulated penalties with respect to the disputed matter shall be stayed pending resolution of the

dispute.  Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day

of any failure or refusal to comply with any term or condition of this Consent Decree, except as

provided in Paragraph 29.  In the event that DOC does not prevail on the disputed issue,

stipulated penalties, if applicable, shall be assessed and paid as provided in Section IX,

Stipulated Penalties.

## XII.  CIVIL PENALTY

31.  DOC shall pay a civil penalty of $12,686 to the United States and $37,314 to the

City of Sterling for a total of $50,000 within 45 days following entry of this Consent Decree.

Payment to the United States shall be made payable to "Treasurer of the United States" as

provided in Paragraph 19, above.  DOC shall confirm to EPA and the Department of Justice that

payment has been made by providing notice in the manner specified in Section VIII,

Communications, above.

Payment to the City of Sterling shall be made by cashier's check or certified funds,

payable to "Treasurer, City of Sterling," and shall be sent to:

16

Joesph Kiolbasa, City Manager
City of Sterling
Centennial Square
421 N. 4th Street
P.O. Box 4000
Sterling, Colorado  80751-0400

A copy of the check and transmittal letter or other evidence of payment shall be sent to the City of Sterling's Attorney at the addresses set forth in Section VIII, <u>Communications</u>, above.

32.  Nothing in this Section XII, <u>Civil Penalty</u>, or in Section IX, <u>Stipulated Penalties</u>, shall be construed to limit any other remedies available for violations of this Consent Decree, any  permit, or any regulation or provision of law, including, but not limited to, injunctive relief and civil or criminal contempt sanctions.  Where an act or omission that constitutes a violation of this Consent Decree also constitutes a violation of statute, the United States and the City of Sterling may elect, in the sole discretion of each, to seek civil penalties under statute.  However, in an action for civil penalties based upon a violation of a statute, the parties stipulate that evidence that DOC has paid a stipulated penalty to the United States and EPA for the same violation for the same day in issue is admissible and can be considered as a factor in mitigation of a penalty.

33.  Interest shall accrue on any amounts overdue to the United States under the terms of this Consent Decree at the rate established by the Secretary of the Treasury, pursuant to 31 U.S.C. § 3717.

XIII.  <u>SUPPLEMENTAL ENVIRONMENTAL PROJECTS</u>

34.  In consideration of the settlement of this enforcement action under the Clean Water Act, the DOC shall conduct Supplemental Environmental Projects ("SEPs") that total a value of $225,000.  The parties agree that the value of the SEP, for the purpose of the Consent Decree, is

17

the equivalent of one inmate work crew of ten people and one supervising guard working 408

eight-hour days over a period of four years.  The goal of SEPs fall into the following categories:

river bottom management; exotic plant and noxious weed removal; erosion control; tire

recycling; habitat reclamation; and inland waterway clean up.

   35.  DOC will meet these goals by providing work on eight discrete projects as follows:

       (a) cleaning of debris in the South Platte River bottom between the City of

Sterling's wastewater headworks building and the Scalva wastewater lift station;

       (b) reclaim and restore natural habitat of the abandoned Sterling Readi-Mix plant

adjacent to the Overland Trail Recreation Area;

       (c) riverbed management of the South Platte River bottom east of the Highway 6

bridges (initial and continuous clean up);

       (d) control of noxious and invasive weeds and exotic plants, habitat improvement

and waterway control and cleaning in Colorado Department of Wildlife areas along the South

Platte River;

       (e) control erosion and removal of debris from lake shore, lake bed and wildlife

areas in North Sterling Reservoir in the South Platte River drainage;

       (f) recycle old tires from the City of Sterling and surrounding areas to remove

these tires from the waste stream to reduce pollution as well as prevent/reduce mosquito-borne

public health risks;

       (g)  control of noxious and invasive weeds and exotic plants, habitat improvement

and waterway control and cleaning along the South Platte River in Logan County; and

       (h) control of noxious and invasive weeds and exotic plants, habitat improvement

and waterway control and cleaning along the South Platte River in Morgan County.

36.  DOC shall provide services valued at $225,000 for these Projects and these services shall be for the purpose of improving water quality as more fully described above.  No part of this expenditure shall include federal funds, including low interest federal loans, federal contracts or federal grants.  The value of the SEPs is based on DOC costs for the use of its inmate crews to conduct work.  These costs represent lost revenue to DOC for these projects. The cost charged is minimum wage per inmate, and the cost of the supervising guard. Expenditures unrelated to the goals of these Projects, as stated above, will not count towards the requisite expenditure of $225,000.

37.  Within thirty (30) days following entry of this Consent Decree, DOC shall submit a Project Plan for EPA approval for each Project, (a)-(h) in paragraph 35 above, outlining the preliminary scope of work for each Project.  This plan shall include, but is not limited to, the goal for each Project (i.e. area of river bottom to be cleaned, area of habitat to be restored, etc.), the anticipated start and end dates, the anticipated number of work days needed to accomplish the goal for each Project, and provisions to transfer work days from one Project to another if a Project is completed more quickly than anticipated, weather or security issues do not allow continued work on a Project, or another Project must take priority.  The plan shall include a schedule of milestones for completing each Project.

38.  Upon approval of the Project Plan by EPA, DOC shall implement the plan according to the schedule of milestones included in the plan.  DOC shall submit a Project Completion Report for each project within 30 days of completion of a Project.  All projects shall be completed no later than four (4) years from the date of entry of this Consent Decree.  The Project

Completion Report shall contain the following information:

(a)  A detailed description of the SEP as implemented;

(b)  A description of the operating problems encountered and the solutions thereto;

(c)  Itemized costs, documented by purchase orders, force accounts and receipts or canceled checks (which must be made available to the United States, if requested);

(d)  A description of the environmental and public benefits resulting from the implementation of each Project.

39.  If, following receipt of the Project Completion Report, EPA determines that the Project has not been completed satisfactorily, and/or if DOC fails to comply with any of the terms or provisions of the Project Plan requirements and this decree, and/or if DOC fails to expend the total number of work days agreed upon on the Projects in accordance with the SEP Plan requirements, DOC shall pay $578.96 for each work day not completed on the Projects, up to $225,000, to the United States Treasury as a stipulated penalty in accordance with Section IX, Stipulated Penalties.

40.  DOC hereby certifies that it is not required to perform or develop each Project, (a)-(h) in paragraph 35 above, by any federal, State, or local law or regulation; nor is DOC required to perform each Project by agreement, grant, or as injunctive relief in this or any other case or in compliance with State or local requirements.  DOC further certifies that it has not received, and is not presently negotiating to receive credit for any Project in any other enforcement action.

41.  Within 120 days of the approval of the Project Plan by EPA, DOC shall start submitting progress reports on a quarterly basis.  The progress report shall outline the status of

each Project and identify any impediment which may delay project progress or completion.

## XIV.  RIGHT OF ENTRY

42.  EPA and the City of Sterling, and their representatives, contractors, consultants, and attorneys shall have the right of entry into and upon DOC, upon reasonable notice, at all reasonable times, upon proper presentation of credentials, for the purposes of:

(a)      Monitoring the progress of activities required by this Consent Decree;

(b)      Verifying any data or information required to be submitted pursuant to this Consent Decree;

(c)      Obtaining samples and, upon request, splits of any samples taken by DOC or its consultants.  Upon request, DOC will be provided with splits of all samples taken by the United States or the City of Sterling; and

(d)      Otherwise assessing DOC's compliance with this Consent Decree.

43.  This Section XIV, Right of Entry, in no way limits or affects any right of entry and inspection held by the United States and City of Sterling pursuant to applicable federal or state laws, regulations, or permits.

## XV.  PERMIT OBLIGATIONS

44.  This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Section 307 of the Act, 33 U.S.C. § 1317, nor shall it be interpreted to be such.  This Consent Decree does not relieve DOC of any obligation to apply for, obtain and comply with the requirements of any new or existing pretreatment permit or to comply with any federal, state or local laws or regulations.

21

## XVI.  CERTIFICATION

45.  Any report, plan, or other submission that DOC is required by this Consent Decree to submit, including reports, plans or other submissions that DOC is also required to submit by its Permit, shall be signed by an official or authorized agent of DOC and shall include the following certification:

> I certify under penalty of law that the document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gathered and evaluated the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

46.  DOC shall not object to the admissibility into evidence of any report, plan, or other submission prepared in accordance with this Paragraph or the information contained in said reports in any proceeding to enforce this Consent Decree.

## XVII.  EFFECT OF SETTLEMENT

47.  This Consent Decree in no way affects or relieves DOC of its responsibility to comply with any federal, state, or local law, regulation, or permit.  The parties agree that DOC is responsible for achieving and maintaining complete compliance with all applicable federal and state laws, regulations, and permits, and that compliance with this Consent Decree shall be no defense to any actions commenced pursuant to said laws, regulations, or permits.

48.  Except as expressly provided herein, this Consent Decree is entered in full and final settlement of this action for all parties to the following extent: the Consent Decree resolves those

civil claims specifically alleged in the joint complaint filed by the United States and City of Sterling.  Nothing in this Consent Decree is intended to nor shall be construed to operate in any way to resolve: (a) any civil claim based upon matters not mentioned above; and (b) any criminal liability of DOC.

49.  The United States and the City of Sterling expressly reserve all remedies available to them for all violations of the CWA, Colorado Revised Statutes or Sterling's SSPP not specifically described in Paragraph 48, above.

50.  Nothing herein shall be construed to limit the authority of the United States or the City of Sterling to undertake any action against any person, including DOC, in response to conditions that may present an imminent and substantial endangerment to the public health or welfare or the environment.

51.  Nothing herein shall be construed to limit the authority of the United States to act under Section 308 of the Act, 33 U.S.C. § 1318.

52.  The United States and City of Sterling reserve any and all legal and equitable remedies available to enforce the provisions of this Consent Decree.

53.  This Consent Decree does not limit or affect the rights of DOC, City of Sterling, or the United States as against any third parties (except as provided by operation of law), nor does it limit the rights of third parties, not parties to this Consent Decree, against Defendants.

XVIII.  <u>FAILURE OF COMPLIANCE</u>

54.  The United States and the City of Sterling reserve any and all legal and equitable remedies available to enforce the provisions of this Consent Decree.  Defendants reserve all legal and equitable defenses to enforcement under this Consent Decree which are not specifically

waived.

## XIX. <u>COSTS OF SUIT</u>

55.  Each party shall bear its own costs and attorneys' fees in this action.

## XX. <u>PUBLIC COMMENT</u>

56.  The parties agree and acknowledge that final approval by the United States and entry of this Consent Decree is subject to the requirements of 28 C.F.R. § 50.7, which provides for notice and an opportunity for public comment.  Defendants shall not withdraw their consent to this Consent Decree during the period of governmental and judicial review between lodging and entry of this Consent Decree and hereby consents to entry of this Decree without further notice.

## XXI. <u>PUBLIC DOCUMENTS</u>

57.  All information and documents submitted by DOC to EPA or the City of Sterling pursuant to this Consent Decree shall be subject to public inspection, unless identified and supported as confidential by DOC in accordance with 40 C.F.R. Part 2.

## XXII. <u>CONTINUING JURISDICTION</u>

58.  The Court shall retain jurisdiction over this case until termination of this Consent Decree in order to enforce or modify the Consent Decree and to interpret the rights and obligations of the parties to this Consent Decree.  During the pendency of this Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate this Consent Decree.

## XXIII. <u>MODIFICATION</u>

59.  There shall be no material modification of this Consent Decree without written approval by all parties to this Consent Decree and the Court.  Any modification to this Consent

Decree shall be in writing and signed by the parties.

## XXIV. <u>TERMINATION</u>

60.  This Consent Decree shall terminate after the United States and City of Sterling have certified to this Court that Defendants have been in compliance with all provisions of this Consent Decree and that DOC has completed the 408 days of labor as identified in the Project Plan.

## XXV. <u>SERVICE</u>

61.   Defendants hereby agree to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

The parties enter into this Consent Decree and submit it to the Court that it may be approved and entered.

SO ORDERED THIS _____ day of _____, 2006.


_____
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

*The undersigned PARTY enters into this Consent Decree in the matter of, <u>United States of America and City of Sterling, Colorado v. Aristedes Zavaras, Executive Director, State of Colorado, Department of Corrections, Sterling Correctional Facility and the State of Colorado</u>, Civil Action No. _____, D. Colo.*

FOR THE UNITED STATES OF AMERICA:


<u>s/ Troy A. Eid_____</u>              DATED: <u>April 17, 2007</u>
TROY A. EID
United States Attorney
District of Colorado
1225 Seventeenth Street
Suite 700
Seventeenth Street Plaza
Denver, Colorado  80202
(303) 454-0100


<u>s/ W. Benjamin Fisherow_____</u>              DATED:
W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611.


<u>s/ Heidi Kukis Hoffman_____</u>              DATED: <u>August 2, 2007</u>
HEIDI KUKIS HOFFMAN
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
1961 Stout Street – 8th Floor
Denver, Colorado  80294
(303) 844-1392


26

*The undersigned PARTY enters into this Consent Decree in the matter of, <u>United States of America and City of Sterling, Colorado v. Aristedes Zavaras, Executive Director, State of Colorado, Department of Corrections, Sterling Correctional Facility and the State of Colorado,</u> Civil Action No. _____, D. Colo.*


<u>s/ Michael T. Risner                        </u>         DATED: <u>April 16, 2007</u>
EDDIE SIERRA
Acting Assistant Regional Administrator
United States Environmental Protection Agency
Region 8 (8ENF)
1595 Wynkoop Street
Denver, Colorado  80202


<u>s/ David Janick                            </u>         DATED: <u>April 16, 2007</u>
MICHAEL T. RISNER
Director, Legal Enforcement Program
U.S. Environmental Protection Agency
Region 8 (8ENF-L)
1595 Wynkoop Street
Denver, Colorado  80202
(303) 312-6890


<u>s/ Marc Weiner                            </u>         DATED: <u>April 17, 2007</u>
MARC WEINER
Enforcement Attorney
United States Environmental Protection Agency
Region 8 (8ENF-L)
1595 Wynkoop Street
Denver, Colorado  80202
(303) 312-6913

*The undersigned PARTY enters into this Consent Decree in the matter of, <u>United States of America and City of Sterling, Colorado v. Aristedes Zavaras, Executive Director, State of Colorado, Department of Corrections, Sterling Correctional Facility and the State of Colorado,</u> Civil Action No. _____, D. Colo.*

FOR THE CITY OF STERLING:

<u>s/ Jerry W. Raisch                    </u>                DATED: <u>April 23, 2007</u>
JERRY W. RAISCH
Counsel, City of Sterling
Vranesh and Raisch, LLP
P.O. Box 871
Boulder, Colorado  80306
(303) 443-6151

28

*The undersigned PARTY enters into this Consent Decree in the matter of, <u>United States of America and City of Sterling, Colorado v. Aristedes Zavaras, Executive Director, State of Colorado, Department of Corrections, Sterling Correctional Facility and the State of Colorado,</u> Civil Action No. _____, D. Colo.*

FOR THE STATE OF COLORADO DEPARTMENT OF CORRECTIONS AND THE STATE OF COLORADO:


<u>s/ Aristedes Zavaras_____</u>                DATED: <u>April 20, 2007</u>
ARISTEDES ZAVARAS
Executive Director
State of Colorado Department of Corrections
Sterling Correctional Facility
2862 South Circle Drive
Colorado Springs, Colorado  80906-4195



<u>s/ Elizabeth McCann_____</u>                DATED: <u>August 2, 2007</u>
ELIZABETH MCCANN
Deputy Attorney General
State of Colorado
Department of Law
State Services Building
1525 Sherman Street – 5th Floor
Denver, Colorado 80203



<u>s/ James X. Quinn_____</u>                DATED: <u>July 12, 2007</u>
JAMES X. QUINN
Assistant Attorney General
State of Colorado
Department of Law
State Services Building
1525 Sherman Street – 5th Floor
Denver, Colorado 80203
(303) 866-4307